age. and no error was committed in the court having the jury reform the verdict, upon their reassembling after disbandment, by eliminating that clause from the verdict before it was recorded.

7. TRIAL, § 267*—*controlling effect of recorded verdict.* It is the recorded verdict which controls.

---

## James Goggin, Appellee, v. Margaret A. Collins, Appellant.

### Gen. No. 22,701.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed March 12, 1917. Rehearing denied March 26, 1917.

### Statement of the Case.

Suit by James Goggin, complainant, against Margaret A. Collins, defendant, for a mechanic's lien. From a decree establishing the lien for the sum claimed, eight hundred dollars, defendant appeals.

COMERFORD & COHEN, for appellant.

CARL O. BEROTH, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

BUILDING AND CONSTRUCTION CONTRACTS, § 61*—*when issuance of certificate by architect is fraudulent and not binding.* In a suit for a mechanic's lien, based upon a contract providing that payment should be made to the contractor upon the architect's certificates as the work progressed and that the architect's final certificate

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

should be conclusive on the parties, where the architect had written to the contractor a letter stating that his work was unsatisfactory and inclosed an account charging the contractor with a certain amount for inferior work and for delay at a rate provided in the contract, and thereupon the building was turned over to the owner and the architect settled with and discharged, *held* that a subsequent certificate issued by the architect to the contractor for a certain amount as due from the owner to the contractor was a fraud upon the owner and not binding upon her.

*/.*

## Alleanza Italiana, Appellant, v. Carmela Papa, Tarquinius di Bernardino et al., Appellees.

### Gen. No. 22,708.

1. JUDGMENT, § 360*—*when may not be collaterally reviewed.* A judgment which is undisturbed by appeal or writ of error is a verity and binding upon the parties, and cannot be collaterally reviewed in equity, where the court's jurisdiction is not attacked either as to the parties or the subject-matter or as to fraud, accident or mistake, or as unconscionable, and all parties were before the court and heard both before and after the judgment.

2. JUDGMENT, § 318*—*when equity will not relieve against.* While a court of equity will relieve against a judgment procured by fraud, accident or mistake, no aid will be extended merely for errors intervening in the progress of the cause or the entry of the judgment.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed March 12, 1917.

JOHN DE GRAZIA, for appellant.

A. G. DICUS, for appellee Carmela Papa.

MR. JUSTICE HOLDOM delivered the opinion of the court.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.